ROBERT S. GIANELLI, #82116
JOSHUA S. DAVIS, #193187
ADRIAN J. BARRIO, #219266
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, CA 90071
Tel: (213) 489-1600; Fax: (213) 489-1611
rob.gianelli@gmlawyers.com
joshua.davis@gmlawyers.com
adrian.barrio@gmlawyers.com

Attorneys for Plaintiff
RENEE MARDER, by and through her guardian ad litem, Dana Beason, on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE MARDER, by and through her guardian ad litem, DANA BEASON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | CASE NO.: 2:22-cv-1551<br><br>**CLASS ACTION COMPLAINT FOR: BREACH OF CONTRACT; DECLARATORY RELIEF; AND VIOLATION OF THE UNFAIR COMPETITION ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Renee Marder, by and through her guardian ad litem, Dana Beason, on behalf of herself and all others similarly situated, brings this action against Defendant Jackson National Life Insurance Company ("Jackson National") as follows:

**INTRODUCTION**

1. Insurance Code sections 10113.71 and 10113.72 ("the Statutes") require insurers that issue life insurance policies in California to: (1) provide a grace period of at least 60 days for nonpayment of premium; (2) mail a notice of termination for any nonpayment of premium to the policy owner and any other person designated to receive notice of the termination within 30 days of the premium due date and at least 30 days prior to the termination date; and (3) annually notify the policy owner of the right to change or make a designee for receiving the notice. The Statutes became effective January 1, 2013 and their requirements apply regardless of whether a policy was originally issued prior to 2013. *McHugh v. Protective Life Insurance Company* (2021) 12 Cal.5th 213.

2. Jackson National issued Plaintiff a life insurance policy in 1990. Plaintiff dutifully paid premiums under the policy for years but, due to progressing dementia, missed her March 2021 payment. Despite the Statutes' clear mandate, Jackson National failed to observe a 60-day grace period, failed to provide the requisite notices, and terminated the policy. When Plaintiff's daughter, Dana Beason ("Ms. Beason"), learned of the missed payments and made inquiry of Jackson National, she was advised that the policy had lapsed and that her only alternative was to seek reinstatement. When she did so, Jackson National stated that her mother's (Plaintiff's) dementia precluded reinstatement. Plaintiff brings this class action by and through her guardian ad litem, Ms. Beason, to remedy Jackson National's violations of the Statutes and its wrongful termination of policies issued in California.

///

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction of this case based on diversity of citizenship. Plaintiff is a citizen of the State of California, Jackson National is incorporated in and has its principal place of business in the State of Michigan, and the amount in controversy between Plaintiff and Jackson National is in excess of $75,000.00. 28 U.S.C. § 1332.

4. The Court has personal jurisdiction over Jackson National because it has conducted business in California by insuring various persons in California and by administering claims for life insurance benefits due beneficiaries in California, as alleged herein.

5. The claims arise out of a breach of Plaintiff's life insurance policy by Jackson National in this district. Thus, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**THE PARTIES**

6. Plaintiff, Renee Marder, is an individual who at all relevant times has resided in Los Angeles County, California. Concurrent with the filing of this Complaint, Plaintiff's daughter, Ms. Beason, is petitioning to be appointed guardian ad litem for Plaintiff, who suffers from Alzheimer's disease/dementia.

7. Jackson National is an insurance company licensed to do business in California and at all relevant timess has been domiciled in Michigan.

**SUBSTANTIVE ALLEGATIONS**

8. In 2012, Assembly Bill 1747 was enacted and created the Statutes. They became effective January 1, 2013.

9. Insurance Code section 10113.71 provides in pertinent part:

> (a) Each life insurance policy issued or delivered in this state shall contain a provision for a grace period of not less than 60 days from the premium due date. The 60-day grace period shall not run concurrently with the period of paid coverage. The provision shall provide that the policy shall remain in force during the grace period.

2

(b)(1) A notice of pending lapse and termination of a life insurance policy shall not be effective unless mailed by the insurer to the named policy owner, a designee named pursuant to Section 10113.72 for an individual life insurance policy, and a known assignee or other person having an interest in the individual life insurance policy, at least 30 days prior to the effective date of termination if termination is for nonpayment of premium.

10. Insurance Code section 10113.72 provides:

(a) An individual life insurance policy shall not be issued or delivered in this state until the applicant has been given the right to designate at least one person, in addition to the applicant, to receive notice of lapse or termination of a policy for nonpayment of premium. The insurer shall provide each applicant with a form to make the designation. That form shall provide the opportunity for the applicant to submit the name, address, and telephone number of at least one person, in addition to the applicant, who is to receive notice of lapse or termination of the policy for nonpayment of premium.

(b) The insurer shall notify the policy owner annually of the right to change the written designation or designate one or more persons. The policy owner may change the designation more often if he or she chooses to do so.

(c) No individual life insurance policy shall lapse or be terminated for nonpayment of premium unless the insurer, at least 30 days prior to the effective date of the lapse or termination, gives notice to the policy owner and to the person or persons designated pursuant to subdivision (a), at the address provided by the policy owner for purposes of receiving notice of lapse or termination. Notice shall be given by first-class United States mail within 30 days after a premium is due and unpaid.

11. In enacting the Statutes, the Legislature intended to address the problem of long time policy owners—often seniors and/or those with health conditions—losing life insurance policies "they had spent years paying for."

Moreover, the legislative history provides several indications that the Legislature enacted the grace period and notice protections in part to protect *existing* policy owners from losing the important life insurance coverage they had spent years paying for. The Assembly and Senate materials on Assembly Bill No. 1747 (2011–2012 Reg. Sess.) include purpose and supporting argument statements like the

3

following: "According to the author, the bill provides consumer safeguards from which *people who have purchased life insurance coverage, especially seniors, would benefit.* Under existing law, individuals can easily lose the critical protection of life insurance if a single premium is accidentally missed (even if they have been paying premiums on time for many years).

*McHugh v. Protective Life Insurance Company, supra,* 12 Cal.5th at 240-241.

12. Consistent with this purpose, the Statutes "appear to create a single, unified pretermination notice scheme. This scheme appears to include three components: (1) New and existing policy owners must have the opportunity to designate additional people to receive a notice of termination (§ 10113.72, subds. (a), (b)); (2) policy owners and any designees must receive notice within 30 days of a missed premium payment, and any termination for nonpayment will not be effective unless insurers send notice to these parties at least 30 days prior (§§ 10113.71, subd. (b)(1), (3), 10113.72, subd. (c)); and (3) each policy has a 60-day grace period, which lines up with the two 30-day notice windows (§ 10113.71, subd. (a))." *McHugh v. Protective Life Insurance Company, supra,* 12 Cal.5th at 240.

13. The Statutes' requirements apply to policies issued in California regardless of whether a policy was issued prior to 2013. "We conclude that sections 10113.71 and 10113.72 apply to all life insurance policies in force when these two sections went into effect, regardless of when the policies were originally issued." *McHugh v. Protective Life Insurance Company, supra,* 12 Cal.5th at 220.

14. Additionally, "[a]n insurer's failure to comply with these statutory requirements means that the policy cannot lapse." *Thomas v. State Farm Life Insurance Company* (9th Cir., Oct. 6, 2021, No. 20-55231) 2021 WL 4596286, at *1, *citing McHugh v. Protective Life Insurance Company, supra*.

15. Jackson National has failed to comply with the Statutes for the policies issued in California. Jackson National has not provided a prospective 60-day grace period from the premium due date, has not mailed notices of termination within 30 days of the premium due dates and/or at least 30 days before the

termination dates, and has not provided an annual notice of the right to change or make a designee for receiving the notice of termination.

16. In connection with its disregard of the requirements of the Statutes, Jackson National has improperly terminated life insurance policies on the basis the policies were terminated for nonpayment of premium.

17. Jackson National issued Plaintiff a $150,000 term life insurance policy effective November 8, 1990, Policy No. 0016691100 ("the Policy"). Plaintiff was designated as the insured and owner of the Policy.

18. The Policy provided "a grace period of thirty days will be allowed for payment of premium in default."

19. After the death of Ms. Beason's father, Ms. Beason was designated as the beneficiary of the Policy.

20. Plaintiff paid the premiums under the Policy from November 1990 until she failed to pay a premium due March 8, 2021. Plaintiff was diagnosed with dementia in 2017 and over time became unable to attend to her affairs.

21. On March 18, 2021, Jackson National sent Plaintiff an "IMPORTANT – GRACE PERIOD NOTICE" stating that because the premium due March 8, 2021 had not been received, the Policy entered the grace period and "your policy will lapse and all coverage under this policy will end on April 08, 2021, unless we receive a minimum payment of $737.36 by that date."

22. Not receiving the payment, Jackson National sent Plaintiff a "LAPSE NOTICE" on April 8, 2021 stating that "[i]f the amount due is received at the address below during the insured's lifetime and before May 07, 2021, the policy will be automatically reinstated and we will waive additional requirements."

24. In September of 2021, Plaintiff had a fall at home and was hospitalized. She was subsequently moved to a memory care facility where she remains.

25. Ms. Beason discovered the notices and inquired of Jackson National

regarding the status of the Policy. Jackson National advised Ms. Beason that the Policy was terminated and that should would need to seek reinstatement the Policy. Jackson National required as part of its reinstatement process that Plaintiff present "evidence of insurability," meaning that she would have to pass Jackson National's medical underwrting requirements.

25.  Ms. Beason then applied for reinstatement and submitted Plaintiff's medical information.

26.  On November 6, 2021, Jackson National refused to reinstate the Policy due to Plaintiff's medical history. "Based on the information provided, a decision was made to decline your request to reinstate your policy." After Ms. Beason requested a futher explanation, Jackson National stated in a letter dated December 13, 2021 that "[o]ur decision to deny the policy for reinstatement was based on [Plaintiff]'s medical history of dementia."

27.  These actions by Jackson National violated the Statutes. Jackson National did not provide a prospective 60-day grace period from the premium due date, did not mail notices of termination within 30 days of the premium due dates and/or at least 30 days before the termination dates, and it did not provide an annual notice of the right to change or make a designee for receiving the notice of termination.

28.  Jackson National's actions were not particular to the Policy but were part of a company practice that has systematically violated the requirements of the Statutes.

## CLASS ACTION ALLEGATIONS

29.  Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Federal Rules of Civil Procedure Rule 23. Pursuant to Rule 23(b)(3) and 23(b)(2), Plaintiff seeks certification of the following class:

///

> All policy owners or, if deceased, their beneficiaries under individual life insurance policies issued in California by Jackson National Life Insurance Company that were terminated for nonpayment of a premium due on or after January 1, 2013 and have not been reinstated.

30. Plaintiff and the class members reserve the right under Federal Rule of Civil Procedure Rule 23(c)(l)(C) to amend or modify the class to include greater specificity, by further division into subclasses, or by limitation to particular issues.

31. This action has been brought and may be properly maintained as a class action under the provisions of Federal Rules of Civil Procedure Rule 23 because it meets the requirements of Rule 23(a), Rule 23(b)(3), and Rule 23(b)(2).

### A. Numerosity.

32. The potential members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed class members has not been determined at this time, Plaintiff is informed and believes that there are a substantial number of individuals who have been similarly affected.

### B. Commonality.

33. Common questions of law and fact exist as to all members of the proposed class because the claims at issue arise out of Jackson National's uniform and systemic violation of the Statutes, as alleged herein

### C. Predominant questions of law or fact.

34. Questions of law or fact common to class members predominate over any questions affecting only individual members because Jackson National's liability for violating the Statutes is based upon its uniform non-compliance, as alleged herein.

### D. Typicality.

35. The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the class are similarly affected by Jackson National's wrongful conduct as described herein.

7

### E. Adequacy of representation.

36. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class. Counsel who represents Plaintiff is competent and experienced in litigating large and complex class actions, including insurance class actions.

### F. Superiority of class action.

37. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

38. Jackson National has also acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

39. Plaintiff hereby repeats and realleges the preceding paragraphs and incorporates the same as though fully set forth herein.

40. As alleged herein, Jackson National issued the Policy to Plaintiff. Ms. Beason was subsequently designated as the beneficiary of the Policy.

41. By operation of the Statutes, the Policy and all the individual life insurance policies issued by Jackson National in California provided, effective January 1, 2013, a 60-day grace period, required Jackson National to give notice of any termination for nonpayment of premium within 30 days of the premium due date and at least 30 days before the termination date, and required Jackson National to provide an annual notice of the right to change or make a designee for receiving the notice of termination.

20. Plaintiff paid the premiums under the Policy from November 1990 until she failed to pay a premium due March 8, 2021.

21. On March 18, 2021, Jackson National sent Plaintiff a grace period notice stating that because Jackson National had not received the premium due March 8, 2021, the Policy had entered the grace period, and would lapse on April 08, 2021 without payment of premium.

22. On April 8, 2021, Jackson National sent Plaintiff a lapse notice stating that if a premium was received before May 07, 2021 while Plaintiff was alive, the Policy would be automatically reinstated. No premium was paid.

24. After Plaintiff's fall and hospitalization in September of 2021, Ms. Beason discovered the notices and made inquiry of Jackson National regarding the status of the Policy. In response, Jackson National advised that the Policy had been terminated and that Ms. Beason, on behalf of Plaintiff, would have to apply for reinstatement of the Policy.

26. When Ms. Beason did so, Jackson National refused to reinstate the Policy due to Plaintiff's history of dimentia.

27. These actions by Jackson National violated the Statutes. Jackson National did not provide a prospective 60-day grace period from the premium due date, did not mail notices of termination within 30 days of the premium due dates and/or at least 30 days before the termination dates, and it did not provide an annual notice of the right to change or make a designee for receiving the notice of termination.

28. Jackson National's failure to comply with the Statutes meant that the Policy could not be terminated for nonpayment of premium. Jackson National's termination of the Policy, its reinstatement requirement, and its failure to acknowledge its responsibility to pay for any death claim that may accrue, breached the terms of the Policy and the obligations superimposed on the Policy terms under California law.

49. As a proximate result of the systemic breach of the contracts covering insureds such as Plaintiff, she and other policy owners, and/or their beneficiaries, have been deprived of their policies, and their policy benefits where a death has occurred, and interest thereon, all to their damage in a sum to be proven at the time of trial.

50. Plaintiff requests attorney fees under Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or a common fund theory.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Relief)**

51. Plaintiff hereby repeats and realleges the preceding paragraphs and incorporates the same as though fully set forth herein.

52. Under California Code of Civil Procedure section l060, "[a]ny person interested under a written instrument . . . who desires a declaration of his or her rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties . . . including a determination of any question of construction or validity arising under the instrument or contract."

53. As alleged herein, an actual controversy exists in this case because Plaintiff and the class contend that Jackson National's practices violate the requirements of the Statutes and Jackson National contends that its practices do not violate the requirements of the Statutes.

54. Plaintiff and the class request a declaration that Jackson National's practices have violated the requirements of the Statutes obligating it to treat the terminated polices as remaining in force and to pay any death benefits provided under those policies with respect to any deaths that have occurred.

55. Plaintiff requests attorney fees under Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or a common fund theory.

### THIRD CLAIM FOR RELIEF
### (Violation of California's Unfair Competition Act)

56. Plaintiff hereby repeats and realleges the preceding paragraphs and incorporates the same as though fully set forth herein.

57. Plaintiff and the class members repeat and re-allege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

58. Business and Professions Code section 17200 et seq., the Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

59. Jackson National has violated the "unlawful" prong of the UCL by violating the Statutes, as alleged herein.

60. Jackson National has violated the "unfair" prong of UCL by systematically and repeatedly breaching the terms of the life insurance policies, as amended by operation of law with respect to the Statutes, as alleged herein.

61. As a result of Jackson National's violations, Plaintiff has suffered injury in fact and has lost money or property, as Jackson National has terminated the Policy, refused to reinstate it, and refused to acknowledge its responsibility for any death claim that may accrue.

62. On behalf of herself and on behalf of the general public, Plaintiff requests injunctive relief as remedies to correct Jackson National's refusal to comply with the Statutes. Plaintiff requests that the Court order Jackson National to: a) conform its practices to the requirements of the Statutes; b) re-process the termination of any policies for non-payment of premium due on or after January 1, 2013, return them to active status, and notify the policy owners of these actions; and c) on death claims, determine and notify the beneficiaries that they have a claim for benefits for any death that has occurred and pay the death benefits due.

61. Plaintiff requests attorney fees under Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or a common fund theory.

**WHEREFORE,** Plaintiff prays for judgment against Jackson National as follows:

1. Policy benefits and interest as described herein;
2. Declaratory relief and injunctive relief as described herein;
3. Attorney fees as described herein;
4. Costs of suit incurred herein; and
5. For such other and further relief as the Court deems just and proper.

DATED: March 7, 2022                            GIANELLI & MORRIS

                                                By: /s/ Adrian J. Barrio
                                                ROBERT S. GIANELLI
                                                JOSHUA S. DAVIS
                                                ADRIAN J. BARRIO
                                                Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this case of all issues triable to a jury.

DATED: March 7, 2022                            GIANELLI & MORRIS

                                                By: /s/ Adrian J. Barrio
                                                ROBERT S. GIANELLI
                                                JOSHUA S. DAVIS
                                                ADRIAN J. BARRIO
                                                Attorneys for Plaintiff